I concur with the majority in its decision to find appellant's sole assignment of error not well-taken. However, I disagree with the majority's analysis in this matter. We are unable to assume from the record in this case that the witness was going to respond with impermissible hearsay as asserted by the state. This court has no way of knowing what Detective Emrich was going to say. For purposes of preserving error, Evid.R. 103(A)(2) provides that it is "not necessary" for an appellant to proffer evidence once the evidence has been excluded on cross-examination. However, this does not mean that appellant is prohibited from proffering evidence on cross-examination. As stated by Judge W. Scott Gwinn in a concurrence with State v. Green (July 8, 1998), Delaware App. No. 97CAA11052, unreported, "[o]ccasionally a proffer on cross may be necessary to assist the reviewing court to understand the proceedings."
In failing to proffer evidence of Detective Emrich's response or offer any explanation as to the question's relevance, appellant failed to show any prejudice to his case as a result of the trial court sustaining the state's objection. Appellant's assignment of error is then not well-taken simply because of the trial court's broad discretion regarding the scope of cross-examination.